**Mel M. MARIN, Petitioner**

v.

**SECRETARY OF the COMMON-WEALTH of Pennsylvania, Department of Community Development, Office of Open Records; Terry Mutchler, Executive Director of the Office of Open Records, and the Secretary of State Bureau of Commissions, Elections and Legislation, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 9, 2012.

Decided Jan. 13, 2012.

Publication Ordered April 2, 2012.

Mel M. Marin, pro se.

Sarah C. Yerger, Senior Deputy Attorney General, Harrisburg, for respondents Secretary for the Commonwealth of Pennsylvania, Bureau of Commissions, Elections and Legislation, Terry Mutchler and Department of Community Development.

Kyle Applegate, Harrisburg, for respondent Office of Open Records.

OPINION PER CURIAM.

Before this Court are the preliminary objections in the nature of a demurrer of Respondents the Secretary of the Commonwealth (Secretary); the Department of Community Development, Office of Open Records (OOR); Terry Mutchler (Ms.

Mutchler), Executive Director of the OOR; and the Bureau of Commissions, Elections and Legislation (Bureau) to the original jurisdiction petition for review in the nature of a complaint for declaratory judgment and injunction filed *pro se* by Mel M. Marin (Marin). For the reasons that follow, we sustain Respondents' preliminary objections and dismiss the petition for review with prejudice.

The facts as gleaned from Marin's at times incomprehensible petition appear to be as follows. Marin allegedly attempted to register as a candidate in the 2010 Congressional election. Marin asserts that someone, presumably his local election board, refused to certify him as a candidate in that election because he refused to provide his personal residence information on his nomination petition and candidate's affidavit, as required by the Pennsylvania Election Code[1] (Election Code). Marin intends to run for elected office again in 2012, and will again refuse to provide his home address. Marin's reasoning for refusing to provide this required information is that his privacy rights are greater than the Commonwealth's right to this information, that divulging his home address will subject him to threats of violence and potential physical assault or death, and that providing the information will "chill" his speech and his

efforts to become a candidate for public office because he will be afraid to speak out on issues of vital public importance. Based upon this reasoning, Marin filed the instant petition seeking a declaratory judgment finding Section 910 of the Election Code, 25 P.S. § 2870, unconstitutional. The petition also seeks an injunction barring Respondents from allowing public access to Marin's home address and barring Respondents from refusing to certify Marin as a candidate if he refuses to provide his home address on his nomination petition and candidate's affidavit.

Respondents filed preliminary objections in the nature of a demurrer[2] arguing first that Ms. Mutchler and the OOR do not have any involvement with or authority to administer the Election Code; therefore, they are not proper parties in the case and should be dismissed. They also argue that Marin lacks standing to bring the instant matter because he has not averred that he is a citizen of the Commonwealth, subject to the Election Code. Finally, Respondents argue that the petition fails to set forth a cognizable constitutional claim because it does not implicate any protected constitutional rights. Respondents filed a brief in support of their preliminary objections; however, to

---

1. Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600–3591. Section 910 of the Election Code, entitled "Affidavits of candidates," states in pertinent part:

   Each candidate for any State, county, city, borough, incorporated town, township, ward, school district, poor district, election district, party office, party delegate or alternate, or for the office of United States Senator or Representative in Congress, shall file with his nomination petition his affidavit stating—(a) his residence, with street and number, if any, and his post-office address. 25 P.S. § 2870. In addition, Section 952 of the Election Code states that "[a]ll nomination papers shall specify ... (b) the name of

   each candidate nominated therein, his profession, business or occupation, if any; and his place of residence with street and number, if any." 25 P.S. § 2912.

2. In ruling on preliminary objections in the nature of a demurrer, the Court must accept as true all well-pleaded facts and all reasonable inferences deducible therefrom; however, we need not accept conclusions of law. *Warminster Fiberglass Co., Inc. v. Upper Southampton Township*, 939 A.2d 441 (Pa. Cmwlth.2007). A demurrer will be sustained only where it is clear and free from doubt that the law will not permit recovery under the alleged facts. *Id.*

date, Marin has failed to file a brief in opposition.[3]

■ Regarding Respondents' first argument, we agree that the OOR and Ms. Mutchler are not necessary or appropriate parties to this case. Marin's petition for review seeks a declaration from this Court that Section 910 of the Election Code, 25 P.S. § 2870, is unconstitutional and seeks an injunction preventing the Respondents from refusing to certify him as a candidate. However, the OOR and Ms. Mutchler have absolutely nothing to do with the enactment or enforcement of the Election Code, whether Section 910 is constitutional, or whether Marin meets the qualifications necessary to be certified as a candidate. Even if Marin's claims had merit, his relief would be rendered by way of actions of the Secretary and the Department of State, not the OOR or Ms. Mutchler. Therefore, we sustain the preliminary objections of the OOR and Ms. Mutchler.[4]

■ We also agree with Respondents' argument that Marin's constitutional claims asserting violations of his rights under the First and Fourteenth Amendments must fail because they do not implicate any protected constitutional rights. Marin's claims hinge upon the premise that he has a constitutional right to privacy in his home address; therefore, he does not have to provide this information on his nomination petition or candidate's affidavit and this information should not be made available to the public. However, there is no constitutional right to privacy in one's home address under the Pennsylvania Constitution. In *Commonwealth v. Duncan*, 572 Pa. 438, 817 A.2d 455 (2003), our Supreme Court directly addressed this issue and explained the absurdity of the argument given our present society and the various means available to obtain an individual's home address:

.[W]e agree with the Commonwealth that any subjective expectation of privacy that appellant may have had in the name and address information is not an expectation which society would be willing to recognize as objectively reasonable in light of the realities of our modern age. Whether registering to vote, applying for a driver's license, applying for a job, opening a bank account, paying taxes, etc., it is all but impossible to live in our current society without repeated disclosure of one's name and address, both privately and publicly. There is nothing nefarious in such disclosures. An individual's name and address, by themselves, reveal nothing about one's personal, private affairs. Names and addresses are generally available in telephone directories, property rolls, voter rolls, and other publications open to public inspection. In addition, it has become increasingly common for both the government and private companies to share or sell name and address information to unaffiliated third parties.

. . . .

**3.** Marin's brief in opposition to the preliminary objections was due by November 14, 2011. On that date, he attempted to file a motion to amend his petition for review, which was returned to him for lack of service on Respondents' counsel. To date, Marin has failed to comply with the defect correction notice issued by this Court.

**4.** Marin's attempt to apply provisions of the Right–to–Know Law, Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104, to the Election Code in order to determine what information can be made available to the public is completely meritless as this case does not involve a right-to-know request. In addition, we would note that home addresses do not qualify under the exemption for "other confidential identification number[s]" found in Section 708 of the RTKL, 65 P.S. § 67.708(b)(6)(i)(A).

In this day and age where people routinely disclose their names and addresses to all manner of public and private entities, this information often appears in government records, telephone directories and numerous other documents that are readily accessible to the public, and where customer lists are regularly sold to marketing firms and other businesses, an individual cannot reasonably expect that his identity and home address will remain secret.

*Id.* at 455–56, 817 A.2d at 465–66. In addition, we note that there is a compelling reason to require candidates for elected office to provide their home address on their nomination forms as every candidate must be qualified for the position he seeks. If members of the general public are required to provide their home address information in order to register to vote and such information is generally available to the public for inspection in the voter rolls, why should a candidate for public office believe he is somehow above or exempt from disclosing such information.

Accordingly, the preliminary objections of the Respondents are sustained, and Marin's petition for review is dismissed with prejudice.

### ORDER

AND NOW, this 13th day of January, 2012, the preliminary objections of the Secretary of the Commonwealth; the Department of Community Development, Office of Open Records; Terry Mutchler; and the Bureau of Commissions, Elections and Legislation are sustained. Petitioner Mel M. Marin's petition for review is hereby dismissed with prejudice.