**OFFICE OF the GOVERNOR,
Petitioner**

v.

**Andy RAFFLE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 13, 2013.

Decided April 24, 2013.

Delene Lantz Johnson, Deputy General Counsel, Harrisburg, for petitioner.

Craig J. Staudenmaier, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and LEADBETTER, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY President Judge PELLEGRINI.

The Pennsylvania Office of the Governor (Office) appeals from a Final Determination of the Office of Open Records (OOR) directing the Office to disclose to Andy Raffle (Requester) the address of Governor Tom Corbett's Shaler Township residence and the middle names, counties of residence and government-issued telephone numbers of 39 Office employees. For the reasons that follow, we affirm in part and reverse in part.

Requester submitted a request to the Office under the Right–to–Know Law (RTKL)[1] seeking "the address of the home in Shaler Township, Pennsylvania, that constitutes the domicile of Governor Tom Corbett," and the full name, county of residence and government-issued telephone numbers of 56 Office employees. (Reproduced Record (R.R.) at 1a–2a). In its response letter, the Office made the following determinations:

● The Office denied the "request for 'the address' of the home in Shaler Township, Pennsylvania, that constitutes the domicile of Governor Tom Corbett ... because answering it would require the Office to make a legal determination

as to whether such address[ ] constituted the 'domicile' of the Governor." (R.R. at 4a). The Office stated that the address of the Governor's residence is in Harrisburg, and denied any information about other places where he may reside under the personal security exception of the RTKL.[2]

● The Office denied the request for the employees' counties of residence because "a balancing of one's constitutional right to privacy and the public interest in disclosure is necessary before providing home addresses information, such as counties of residence, under the RTKL, based on Article 1, Sections 1 and 8, of the [Pennsylvania] Constitution, in the context of the personal security exception of the RTKL." (R.R. at 5). The Office held that "[s]uch information is exempt in this instance, as its disclosure under the RTKL, to any requester, for any purpose, would be reasonably likely to result in a substantial and demonstrable risk to the personal security of the employees ... including identity theft." *Id.* The Office further held that an employee's county of residence is exempt from disclosure under the personal iden-

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101—67.3104. The RTKL was designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials and make public officials accountable for their actions. *Bowling v. Office of Open Records,* 990 A.2d 813, 824 (Pa.Cmwlth.2010), *appeal granted,* 609 Pa. 265, 15 A.3d 427 (2011). The current version of the RTKL, passed in 2008, changed the method of access to an individual's personal information and set forth new criteria to determine whether information is protected from disclosure. *Delaware County v. Schaefer ex rel. Philadelphia Inquirer,* 45 A.3d 1149, 1151–52 (Pa.Cmwlth.2012). Under the current RTKL, a record in the possession of a Commonwealth agency or local agency is presumed to be a public record unless (1) the record is exempt under Section 708; (2) the

record is protected by a privilege; or (3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree. Section 305(a) of the RTKL, 65 P.S. § 67.305(a). Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1), entitled "Exceptions for public records," places the burden on the agency to prove by a preponderance of the evidence that a particular record is exempt from public access. *Schaefer,* 45 A.3d at 1152.

2. Section 708(b)(1)(ii) of the RTKL, 65 P.S. § 67.708(b)(1)(ii), exempts information from public disclosure that, if released, "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual."

tification information exception of the RTKL.[3]

• The Office refused to provide the middle names of the employees pursuant to the RTKL's personal security exception.

• With respect to the request for all government-issued telephone numbers of the 56 Office employees, the Office provided Requester with land-line telephone numbers for each of those employees, but denied the request to the extent that it sought additional cellular and/or personal telephone numbers, citing both the personal identification information and personal security exceptions of the RTKL.

Requester appealed to the OOR seeking the information that was refused for 39 of the employees. As well as maintaining its previously enunciated legal contentions, the Office submitted to the OOR an affidavit of Eric Avakian (Avakian), its Chief Information Security Officer, attesting that the disclosure of home address information and full names increases the risk of social engineering attacks and identity theft. The OOR ordered the disclosure of all the requested records, finding as follows:

• That by requesting the Governor's home address, Requester did not seek a legal conclusion as to whether the Governor's Shaler Township home constitutes his "domicile," but merely sought the Governor's home address in Shaler Township. The OOR further explained that it has previously held that home addresses are not protected from disclo-

sure under the Pennsylvania Constitution; that home addresses are specifically not protected under the personal identification information exception; that nothing in the affidavit of the Office's Chief Security Officer, Avakian, led it to conclude that the disclosure of home addresses is reasonably likely to result in identity theft and fraud; and that all candidates for public office must file records with the Department of State specifying their residence, which are public records subject to disclosure. Similarly, the OOR found that the Office did not submit sufficient evidence to meet its burden of proof that employee counties of residence are exempt from disclosure.

• Regarding the middle names of county employees, the OOR stated that although "a person's name is the type of information the Commonwealth Court held to be part of the 'Holy Trinity' that are reasonably likely to result in identity theft and fraud," it does not read that holding to stand for the proposition that the disclosure of names alone presents a substantial and demonstrable risk of harm to the physical or personal security of an individual. (OOR's June 13, 2012 Final Determination at 6).

• With respect to the requested telephone numbers, the OOR explained that it "has previously held that government-issued cellular numbers are not exempt from public disclosure.... Similarly, agency-issued telephone numbers for public officials to transact agency business cannot be considered anything other than public records. The OOR

3. Section 708(b)(6)(i) of the RTKL, 65 P.S. § 67.708(b)(6)(i), exempts the following from disclosure:

(A) A record containing all or part of a person's Social Security number, driver's license number, personal financial information, home, cellular or personal telephone numbers, personal e-mail addresses, employee number or other confidential personal identification number.

(B) A spouse's name, marital status or beneficiary or dependent information.

(C) The home address of a law enforcement officer or judge.

concludes that the word 'personal' in 'personal telephone numbers' is not intended to apply to agency-issued telephone numbers assigned to specific public officials and public employees. Rather, the word 'personal' is intended to apply to telephone numbers not used for agency business. Had the General Assembly intended employee telephone numbers to be exempt from public disclosure, it would have specifically stated 'employee telephone numbers' instead of 'personal telephone numbers.' " *Id.* at 7.

This appeal by the Office followed in which it advances the same position that it unsuccessfully advanced before the OOR.[4]

## I.

█ Regarding disclosure of the Governor's home address, in *Office of the Lieutenant Governor v. Daniel Mohn*, 67 A.3d 123, 2013 WL 1749552 (Pa.Cmwlth. No. 1167 C.D.2012, filed April 24, 2013), identical arguments were made regarding whether there was a constitutional right to privacy in general in home addresses and, based on a substantially similar affidavit, whether disclosure should be denied. We held, as we do here, that there was no constitutional right to privacy in a home address and that the personal security exemption does not preclude the release of government employees' home addresses on the reasons advanced in the affidavit. We need not repeat the rationale, equally applicable here, as to the basis of that holding.[5] Moreover, that rationale is equally applicable to the release of an employee's county of residence if it is contained in a public record.

## II.

Next, the Office argues that the middle names of Office employees are exempt from disclosure under the RTKL's personal security exception. With respect to disclosure of middle names, Avakian stated the following in his affidavit to the OOR:

A person's first, middle and last name is defined as a person's full legal name. NIST Publication 800–122 defines "full name" as [Personally Identifiable Information]. Similar to an individual's first and last name, the middle name of an individual is an extra identifier as to who the actual person really is. Most often, middle names are required identifiers in applications for credit and for other financial transactions. Additionally, the United States Department of Veterans Affairs considers a person's full legal name (which includes middle name) as an element for identity authentication

---

4. "The scope of review for a question of law under the [RTKL] is plenary." *Stein v. Plymouth Township*, 994 A.2d 1179, 1181 n. 4 (Pa.Cmwlth.2010). "A reviewing court, in its appellate jurisdiction, independently reviews the OOR's orders and may substitute its own findings of fact for that of the agency." *Bowling v. Office of Open Records*, 990 A.2d 813, 818 (Pa.Cmwlth.2010), *appeal granted*, 609 Pa. 265, 15 A.3d 427 (2011).

5. We agree with the OOR's conclusion that the request cannot be read as one which "seeks to have the Office conduct legal research to determine whether Governor Corbett's Shaler Township home is his domicile."

It is clear that Requester had concluded that the Governor's Shaler Township residence was his domicile and was merely seeking the address of that residence. Moreover, that address is already publicly available because all candidates for public office are required to file an affidavit and nomination petition with the Department of State specifying their residence, including street and number. Sections 910 and 952 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2870, 2912. Records filed with the Department of State are public records under the Election Code. Section 202 of the Election Code, 25 P.S. § 2622.

for individual receiving health care services. The release of an individual's middle name therefore increases the unnecessary risk to the individual for identity theft, fraud or other crimes where an identity can be misrepresented or misused. Full name is likewise not necessary to accomplish the purposes of the RTKL; . . . middle name does nothing to inform the public about the employing agencies or their activities. Full name is not unlike a number in a street address, the disclosure of which substantially increases the likelihood of identity theft and other types of crimes against an · unsuspecting individual who would not have otherwise willingly released this information.

(R.R. at 60a).

 The same rationale applies to middle names as to home address information. First, an individual cannot reasonably expect to keep his or her middle name private. Given the extent to which people "routinely disclose their names . . . to all manner of public and private entities" and that "this information often appears in government records, telephone directories and numerous other documents that are readily accessible to the public," *Marin v. Secretary of the Commonwealth*, 41 A.3d 913, 916 (Pa.Cmwlth.2012), *aff'd*, . . . — Pa. —, 66 A.3d 250, 2013 WL 600229 (No. 41 MAP 2012, filed February 19, 2013), we cannot conclude that the disclosure of a public employee's middle name, even in conjunction with the release of the same employee's home address information, would be reasonably likely to result in a substantial and demonstrable risk of harm to the personal security of the individual. Moreover, the conclusory statements in the Avakian affidavit regarding the disclosure of an employee's middle name are not sufficient to rebut the presumption that such information constitutes a public record. Accordingly, the OOR did not err in requiring the Office to provide the full names of the 39 employees identified on appeal.

### III.

Finally, the Office argues that the government-issued cellular and personal telephone numbers of its employees are exempt from disclosure under the personal identification information exception to the RTKL. That exception exempts from disclosure, *inter alia*, "a record containing all or part of a person's . . . cellular or personal telephone numbers." Section 708(b)(6)(i)(A) of the RTKL, 65 P.S. § 67.708(b)(6)(i)(A). The Office contends that "personal identification information" refers to information that is unique to a particular individual, and a "personal telephone" is one intended for the use of a specific person. It argues that there is no restriction in the RTKL as to who issues the telephone but, rather, the question is only whether the particular telephone is cellular and/or personal. However, the Requester and OOR contend that the word "personal," as used in the personal identification information exception, "is intended to apply to telephone numbers not used for agency business." (OOR's June 13, 2012 Final Determination at 7).

*Mohn* dealt with the release of secondary e-mail addresses. In holding that they were not subject to disclosure, we stated:

> What is considered "personal identification information" is not defined in the RTKL. However, this Court has defined the term as:
>
>> [I]nformation that is unique to a particular individual or which may be used to identify or isolate an individual from the general population. It is information which is specific to the individual, not shared in common with others; that which makes the individual distinguishable from another.

*Schaeffer [Schaefer]*, 45 A.3d at 1153. Whether the exemption for "personal identification information" extends to a government-issued "personal" e-mail address, in *City of Philadelphia v. Philadelphia Inquirer*, 52 A.3d 456, 461–462

(Pa.Cmwlth.2012), we addressed whether the daily governmental schedules of the Mayor and the City Council Members were exempt under Section 708(b)(12) of the RTKL, 65 P.S. § 67.708(b)(12) ... because they were being used for those officials' "own personal use." Rejecting a claim similar to this one that those calendars are not personal because they are used for government business, we held that "'[p]ersonal' ... does not mean that it has to involve a public official's personal affairs" but also "covers those documents necessary for that official that are 'personal' to that official in carrying out his public responsibilities." *City of Philadelphia*, 52 A.3d at 461. (Footnote omitted).

*Mohn*, 67 A.3d at 133, 2013 WL 1749552 at *8.

 Similarly, the fact that government business may be discussed over an employee's government-issued personal cellular telephone does not make that telephone any less "personal" within the meaning of the RTKL. Based on that reasoning and the absence of any indication in the statute that the personal identification information exception does not apply to government-issued personal or cellular telephone numbers, those numbers are not subject to disclosure.

Accordingly, the Final Determination of the OOR is affirmed to the extent that it provided access to the address of the Shaler Township residence of the Governor, and the counties of residence and full names of 39 Office employees. The Final Determination is reversed as to the portion providing for the disclosure of all agency-issued cellular or personal telephone numbers of 39 Office employees.[6]

Judge BROBSON did not participate in the decision in this case.

### ORDER

AND NOW, this *24th* day of *April*, 2013, the Final Determination of the Office of Open Records, dated June 13, 2012, at No. AP2012–0788, is affirmed in part and reversed in part. The Final Determination is affirmed to the extent that it provided access to the address of the Shaler Township residence of Governor Tom Corbett, and the counties of residence and full names of 39 employees of the Office of the Governor. The Final Determination is reversed as to the portion providing for the disclosure of all agency-issued cellular or personal telephone numbers of 39 employees of the Office of the Governor.

CONCURRING OPINION BY Judge COHN JUBELIRER.

I respectfully concur in the result only in this matter for the same reasons set forth in my concurring opinion in *Office of the Lieutenant Governor v. Daniel Mohn*, 67 A.3d 123, 2013 WL 1749552 (Pa. Cmwlth., No. 1167 C.D.2012, filed April 24, 2013) (Cohn Jubelirer, J., concurring). The 39 public employees whose counties of residence and middle names are the subject of this request are not entitled under the Right to Know Law[1] (RTKL) to notice or the right to participate in the proceed-

---

**6.** Requester also requests that this Court find that the Office denied his request in bad faith and impose sanctions pursuant to Sections 1304 and 1305 of the RTKL, 65 P.S. §§ 67.1304–1305. Requester argues that the Office acted in bad faith by singling out Requester and purposefully misinterpreting the request for the address of the Governor's Shaler Township residence. Requester specifically points to the fact that the Office's response to his request noted that sanctions could be imposed against him for making

requests duplicative of those of his associates, Daniel Mohn and Simon Campbell. Given the fact that the Office had recently dismissed similar requests as disruptive, it had a reasonable basis for warning Requester about the RTKL's disruptive requester provisions, and did not display any bias against Requester in doing so. Accordingly, Requester's request for sanctions is denied.

**1.** Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101—67.3104.

ings.[2] Although, as with the address at issue in *Mohn*, it may be unlikely that the individuals would have been able to demonstrate an infringement of their right to privacy, I do not believe that it is impossible.

In this case, as in *Mohn*, 67 A.3d at 129–32, 2013 WL 1749552, at *4–6 (majority opinion), the affidavit purporting to prove that the employee's county of residence or middle name is exempt from disclosure was not specific enough to meet the personal security exception set forth in Section 708(b)(1)(ii) of the RTKL.[3] 65 P.S. § 67.708(b)(1)(ii). In addition, there was no evidence of the employee's subjective expectation of privacy in his or her county of residence or middle name, or of the reasonableness of the expectation, in order to meet the constitutional two-part test described in *Commonwealth v. Duncan*, 572 Pa. 438, 452, 817 A.2d 455, 463 (2003). However, since there is no argument in this appeal that the RTKL is constitutionally infirm due to a deprivation of due process rights because of the lack of a statutory right to notice and an opportunity to be heard by the employees whose

counties of residence and middle names were requested, I concur only in the result of the majority opinion.

## CONCURRING AND DISSENTING OPINION BY Judge McCULLOUGH.

I agree with the Majority's conclusion that the government-issued telephone numbers of the employees of the Office of the Governor are exempt from disclosure pursuant to section 708(b)(6)(i)(A) of the Right–to–Know Law (RTKL), Act of February 14, 2008, P.L. 6, 65 P.S. § 67.708(b)(6)(i)(A).[1] For the reasons stated in the dissenting portion of my opinion in *Office of the Lieutenant Governor v. Daniel Mohn*, 67 A.3d 123, 2013 WL 1749552 (Pa.Cmwlth., No. 1167 C.D.2012, filed April 24, 2013) (McCullough, J. concurring and dissenting), I disagree with the Majority that the disclosure of public employees' home addresses in conjunction with their middle names does not implicate a discernible privacy right. As in *Mohn*, I would conclude that the phrase "personal security" in the RTKL includes the basic privacy right that an individual has in his

---

**2.** I do agree, however, with the majority's observation that the Governor's home address is subject to public disclosure under the RTKL because it is "already publically available because all candidates for public office are required to file an affidavit and nomination petition with the Department of State specifying their residence, including street and number." *Office of the Governor v. Andy Raffle*, 65 A.3d 1105, 1109 n. 5, 2013 WL 1749563, *2 n. 5 (citing Sections 910 and 952 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2870, 2912). As further noted by the majority, "[r]ecords filed with the Department of State are public records under the Election Code." *Id.* (citing Section 202 of the Election Code, 25 P.S. § 2622).

**3.** The affidavit submitted by the Office of the Governor treated an individual's county of

residence as a component of the home address; therefore, the affidavit only describes home addresses in general and does not contain any specific averments regarding an individual's county of residence. (Affidavit, R.R. at 55a–63a.) Because the majority in *Mohn* held that there is never a constitutional right to privacy in a home address, it found that rationale "is equally applicable to the release of an employee's county of residence if it is contained in a public record." *Raffle*, 65 A.3d at 1109, 2013 WL 1749563, at *2.

**1.** Although the issue was not raised by the parties, I seriously question whether a telephone number, standing alone, is a "record" under section 102 of the RTKL, 65 P.S. § 67.102. In and of itself, a telephone number does not "document a transaction or activity of an agency."

or her home address,[2] and I would vacate and remand the matter to the Office of Open Records with the express purpose of permitting the affected individuals to submit an affidavit concerning their privacy rights. Accordingly, I concur in part and dissent in part.

---

**2.** Even if the personal security exemption did not include a statutorily-based right to privacy, I agree with my esteemed colleague, Judge Cohn Jubelirer, that such a right is implied in the RTKL because it is guaranteed by the Pennsylvania Constitution.