IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Labor and Industry,    :
                Petitioner    :
                                  :
            v.                : No. 107 C.D. 2015
                                    : Submitted:  August 14, 2015
John Earley,                     :
                Respondent    :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                  HONORABLE MARY HANNAH LEAVITT, Judge
                  HONORABLE ANNE E. COVEY, Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI            FILED: September 9, 2015


        The Department of Labor and Industry (Department) petitions for review of a Final Determination of the Office of Open Records (OOR) granting in part and denying in part John Earley's (Requestor) request for email records pertaining to a color printer and the replacement/purchase of color ink cartridges pursuant to the Right-to-Know Law (RTKL).[1]  For the reasons that follow, we vacate the OOR's determination and remand for further proceedings consistent with this Opinion.


        Requestor submitted the following RTKL request to the Department:

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

In 2013 there were email discussions among Jennilyn Dwyer, Art McNulty, and Joseph Van Jura concerning the color printer in [the State Workers' Insurance Fund's (SWIF)] Legal Division Office in Scranton, PA. Please provide me with copies of all emails these people initiated, received, or were copied on that concerned the replacement/purchase of color ink cartridges and the emails in which the removal of the color printer was discussed. So that there is no misunderstanding about this request, it was for all emails initiated by any of the above-mentioned individuals, regardless of who the recipient was, that concerned the Scranton Legal Division's color ink cartridges or color printer in 2013.

(R. Item No. 1, Requestor's email dated 11/9/14.)

The Department denied the request, informing Requestor that the Department did not possess the records responsive to the request.

Requestor then appealed to the OOR. With his appeal, he provided an affidavit stating that he was employed in the Legal Division "during the time these email exchanges took place" and that he "personally read and discussed [the requested emails] with two of the three named participants." (R. Item No. 4, Requestor's affidavit at Paragraph 3.) In his affidavit, Requestor also alleged that the emails exist on the Department's computer servers.[2]

---

[2] Requestor's affidavit alleges:

Whether or not the emails exist on the computers of the three individuals listed in my request, it is certain that the emails I am requesting exist on computer farms under the Department's control. As such, this information is readily accessible to

**(Footnote continued on next page…)**

2

In response, the Department provided the sworn affirmations of Jennilyn Dwyer, Art McNulty and Joseph Van Jura, each attesting that they searched their individual email accounts and failed to locate the responsive emails.[3]

The OOR held that the Department failed to demonstrate that the requested emails do not exist in its possession, custody or control. It found that although the Department provided evidence[4] with the affidavits of the named

---

**(continued…)**

> management employees of the Department. I know from my experience at SWIF that this is possible.

(R. Item No. 4.)

> [3] Each named individuals' affirmation states the following:
>
> 1. I have made a good faith effort to determine whether I have possession, custody or control of the record request, pursuant to 65 P.S. § 67.901; and
>
> 2. I have conducted a thorough and reasonable review of my email records; and
>
> 3. The requested emails, if initiated, received or copied to me, would have been discovered during my review of my records or the absence of such; and
>
> 4. My review has revealed that I do not have such emails in my possession, custody or control, to the best of my information, knowledge and belief.

(R. Item No. 3.)

> [4] At the outset, the OOR noted that an appeals officer may conduct a hearing to resolve an appeal, and that the decision to hold a hearing is discretionary and non-appealable pursuant to Section 1102(a)(2) of the RTKL. *See* 65 P.S. §67.1102(a)(2). The OOR further explained that an **(Footnote continued on next page…)**

3

participants, the requested emails do not exist in the named participants' possession, custody or control, the request is not limited solely to emails in the possession, custody or control of these individuals, but rather it seeks "all emails initiated by any of the above-mentioned individuals, regardless of who the recipient was." The OOR noted that the Department failed to address whether the records exist in any other Department employee's possession, custody or control or on the Department's servers as alleged by Requestor. Lastly, the OOR held that:

> [A]n agency cannot produce records that do not exist within its 'possession, custody or control' and, accordingly, is not ordering the creation of any records listed in the [r]equest. Absent an agency's provision of a sufficient evidentiary basis as to whether any responsive records exist, however, the OOR will order the disclosure of responsive public records.

(R. Item No. 5 at 4.)

In this appeal,[5] the Department argues that the OOR's determination should be reversed because all competent evidence of record established that the

---

**(continued…)**

appeals officer may admit into evidence testimony and other evidence that the appeals officer believes to be reasonably probative and relevant. In the matter at issue, neither party requested a hearing and the OOR found that it had the "necessary, requisite information and evidence before it to properly adjudicate the matter." (R. Item No. 5 at 3.)

[5] Our scope of review for a question of law under the RTKL is plenary. *Office of the Governor v. Raffle*, 65 A.3d 1105, 1109 n.4 (Pa. Cmwlth. 2013) (quoting *Stein v. Plymouth Township*, 994 A.2d 1179, 1181 n.4 (Pa. Cmwlth. 2010)). "A reviewing court, in its appellate jurisdiction, independently reviews the OOR's orders and may substitute its own findings of fact **(Footnote continued on next page…)**

requested records did not exist in the Department's possession, custody or control. Specifically, the Department maintains that the three named individuals from whom Requestor sought emails all provided attestations that they did not possess, maintain or control the requested emails, and that if such emails were initiated, received or copied to them, the emails would have been discovered during review of the individuals' email records or the absence of such records. The Department further argues that the OOR's requirement that the Department address whether the requested records exist in any other Department employee's possession, custody or control or on the Department's servers would require the Department to procure attestations from each of its approximately 7,000 employees and its information technology staff to prove that the records do not exist.

Under the RTKL, an agency bears the burden of demonstrating that it has reasonably searched its records to establish that a record does not exist. An affidavit may serve as sufficient evidence of the non-existence of requested records. *See Hodges v. Department of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011) (affidavit of agency's Open Records Officer was dispositive evidence that requested records did not exist); *Moore v. Office of Open Records*, 992 A.2d 907, 908-909 (Pa. Cmwlth. 2010) (agency's submission of sworn and unsworn affidavits that it was not in possession of requested records was sufficient to satisfy its burden of proving non-existence of record). In this case, the affidavits proffered by the Department were insufficient to meet that burden.

---

**(continued…)**

for that of the agency." *Bowling v. Office of Open Records*, 990 A.2d 813, 818 (Pa. Cmwlth. 2010), *affirmed*, 75 A.3d 453 (Pa. 2013).

The named individuals in Requestor's request provided affidavits affirming that they were not in possession, custody or control of the records. That is sufficient to establish that they do not have the records in their possession in the form of messages they received or that they sent. Moreover, once that is established, the Department is under no obligation to search the records to see if any of the other 7,000 employees have an email from each of those individuals when there is no evidence that an email had been sent to a particular party outside those identified in the request. Without that type of information, the request for a record is insufficiently specific for the Department to conduct such a search. *See Pennsylvania Department of Education v. Pittsburgh Post-Gazette*, ___ A.3d ___ (Pa. Cmwlth. No. 2095 C.D. 2014, filed July 14, 2015).

Having said all that, just because those individuals do not have the records and the Department does not have to search the email accounts of the other 7,000 employees to see if they have received the emails or obtain an affidavit from each of them does not mean that the Department has made out its burden that no record exits. When an individual deletes an email from his or her email account, as many people to their chagrin have found out, that does not mean that the email is necessarily deleted. Those emails remain on the mail server until they are deleted in accordance with a retention schedule established by the Department. Consequently, to establish that the email records do not exist, the Department must also establish that they no longer exist on the mail server.

Accordingly, the OOR's determination is vacated and the matter is remanded to have the Department search its servers to determine if the requested

6

records exist.  If the records do exist, the Department is required to produce them; if not, it should then file an affidavit to that effect.


_____

DAN PELLEGRINI, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Labor and Industry,  :
                    Petitioner     :
                                 :
           v.               : No. 107 C.D. 2015
                                 :
John Earley,                  :
                    Respondent   :

# **O R D E R**

AND NOW, this 9th day of  September, 2015, the Final Determination of the Office of Open Records (OOR) dated December 21, 2014, at No. AP 2014-1847, is vacated and the matter is remanded to the OOR to have the Department of Labor and Industry undertake the actions outlined in this opinion.  The Department of Labor and Industry shall make these documents available to the OOR within thirty (30) days of this Court's order.  The OOR is directed to adjudicate the matter within thirty (30) days of the receipt of the documents.

Jurisdiction is relinquished.

_____
DAN PELLEGRINI, President Judge