OPINION BY SENIOR
JUDGE PELLEGRINI
The Commonwealth of Pennsylvania, Department of Transportation (PennDOT) petitions for review of a Final Determination of the Office of Open Records (OOR) granting in part and denying in part Walsh/Granite JV’s (Requestor) reqüest seeking copies of all -bids submitted to PennDOT to repair or maintain structurally deficient bridges in Pennsylvania pursuant to the Right-to-Know Law (RTKL).[1]
I.
A.
Under the RTKL, ’information is only subject to disclosure if it is a “public record.” Excluded from the RTKL definition of “public record” is information exempted from disclosure by any other law.' See 65 P.S. § 67.102; see also 65 P.S. § 67.305. While normally after the conclusion of the bidding process all proposals and bids are potential public records ünder the RTKL,[2] *427 the issue in this ease is whether Section 9111 of the Public-Private Transportation Partnership Law (P3 Law),[3] 74 Pa.C.S. § 9111, exempts unsuccessful proposals from disclosure because it only specifically provides for the disclosure of the successful proposal' and then lists exemptions. Specifically, Section 9111- of the P3 Law provides:
(1) Upon the selection of a development entity to be a party to a Public-Private transportation partnership agreement, the identity of the development entity selected, the contents of the response of the development entity to the request for proposals, the final proposal submitted by the development entity and the form of the Public-Private transportation partnership agreement shall be made public. Any financial information of a development entity that was requested in the request for proposals or during discussions and negotiations to demonstrate the economic capability of a development entity to fully perform the requirements of the Public-Private transportation partnership agreement shall not be subject to public inspection.
(2) A proprietary public and a private development entity may agree, in their discretion, to make public any information described under paragraph (1) that would not otherwise be subject to public inspection.
(3) If a proprietary public entity terminates a Public-Private transportation partnership agreement for default, rejects a private entity on the grounds that the private entity is not responsible or-suspends or debars a development entity, the private entity or development entity, as appropriate, shall, upon writ- • ten request, be provided with- a copy of the information ■ contained in the file of the private entity or development entity maintained by the proprietary public 'entity- under a contractor responsibility program.
(4)The following information shall not be public:
(i) Information relating to proprietary information, trade secrets, patents or exclusive licenses, architectural and engineering plans and information relating to competitive marketing materials and strategies.
(ii) Security information, including risk prevention plans, detection and countermeasures, emergency management plans, security and surveillance plans, equipment and usage protocols and countermeasures.
(iii) Records considered nonpublic matters or information by the Securities and Exchange Commission under 17 CFR 200.80 (relating to commission records and information).
(iv) Any financial information deemed confidential by the proprietary public entity upon a showing of good cause by the offeror or development entity.
(v) Records prepared or utilized to evaluate a proposal.
74 Pa.C.S. § 9111 (emphases added).
B.
Requestor is a member of the construction joint-venture of Plenary Walsh Key *428 stone Partners, LLC which, in January-2015, submitted the successful proposal for the Pennsylvania Rapid Bridge Replacement Project (Bridge Replacement) to replace 558 structurally deficient bridges and maintain those bridges for 25 years under the P3 Law. In October 2015, Requestor submitted a RTKL request to PennDOT, seeking the following:
[Requestor] hereby requests the Proposals, which consist of both the Technical Proposal and Financial Proposal, of any firm, team or companies that submitted Proposals to [PennDOT] for the Pennsylvania Rapid Bridge Replacement Project, [request for proposals] [QRFPD] Solicitation #: 3513R16, however, excluding the Proposal from Plenary Walsh Keystone Partners, LLC., to which [Requestor] is a team member of. Specifically, the firms, teams, or companies [Requestor] seeks the Proposals of include, but are not limited to, the following:
1. Keystone Bridge Partners
2. Commonwealth Bridge Partners
3. Pennsylvania Crossings.
(Reproduced Record (R.R.) at 11a.)
PennDOT denied the request, contending that the RTKL does not apply to unsuccessful proposals because Section 9111(1) of the P3 Law, 74 Pa.C.S. § 9111(1), limits potential public access to only the successful development entity’s proposal, in this ease, Requestor’s consortium. Additionally, it stated that certain portions of the information contained in the proposals were also exempt under exception provisions of the RTKL because they contained personal identification information, trade secrets or confidential proprietary information, financial information, and records of the agency evaluation of proposals.[4] Requestor appealed that determination to the OOR.
II.
Although Section 9111(1) of the P3 Law, 74 Pa.C.S. § 9111(1), specifically provides that only the successful proposal is subject to release, Requestor, before the OOR, contended that the P3 Law’s silence as to disclosure or non-disclosure of unsuccessful bidders’ proposals means that unsuccessful proposals are not exempt from disclosure and must be disclosed to the same extent as that of a successful proposal.
In response, PennDOT submitted an affidavit of Michael R. Bonini, Director of PennDOT’s Public Private Partnership Office, in which Mr. Bonini maintained that it is his understanding that all of the proposals were covered by Section 9111 of the P3 Law, 74 Pa.C.S. § 9111(1), and that the parties submitting the proposals “expressly agreed during the RFP process that Section 9111(1) was controlling and unsuccessful proposals were not subject to public access.” (R.R. at 31a, ¶ 9.) He went on to state that the proposals are:
[Voluminous and include information relating to proprietary information, trade secrets, patents or exclusive licenses, architectural and engineering plans and information relating to competitive marketing materials and strategies; Security [sic] information, including risk prevention plans, detection and countermeasures, emergency management plans, security and surveillance plans, equipment and usage protocols and countermeasures; records that entities might consider nonpublic matters or *429 information by the Securities and Exchange Commission under 17 CFR 200.80 (relating to commission records and information; and financial information deemed confidential by the proprietary public entity upon a showing of good cause by the offeror or development entity).
(Id. at ¶ 10.) He added that even if the RTKL applies, the unsuccessful proposals contain the following information:
a. Trade secrets and confidential information that was submitted pursuant to the RFP’s terms regarding public -access, including information regarding public access, including • information about delivering the [Bridge Replacement] project, obtaining financing and development and implementation of a maintenance plan for a period of -25 years.
b. Financial information, including without limitation information submitted to demonstrate proposers’ financial capacity and financing technology.
c. Contact information, including personal telephone numbers.
d. Information requiring redaction, which necessarily would mean that copy costs would be incurred by [PennDOT].
(Id. at 32a, ¶ 12.)
Rejecting PennDOT’s position that Section 9111(1) of the P3 Law, 74 Pa.C.S. § 9111(1), only requires the successful bidders’ records to be disclosed, the OOR held that it was the General Assembly’s intention in enacting the RTKL to make the proposals of unsuccessful bidders generally subject to public disclosure, and that if the legislature wanted to categorically exclude, unsuccessful proposals, it would have used language in the P3 Law that explicitly said so. Applying the RTKL exceptions rather than those contained in the P3 Law, the OOR found that unsuccessful bidders’ personal telephone numbers and financial information submitted to demonstrate a bidder’s capacity to perform are facially exempt from disclosure under RTKL Sections 708(b)(6) and (b)(ll), 65 P.S. §§ 67.708(b)(6) and (b)(ll), respectively, and, may be withheld, and unsuccessful bidder’s confidential proprietary information/trade secrets are exempt from disclosure under Section 9111(4) of the P3 Law, 74 Pa.C.S. §. 9111(4). PennDOT appealed.
III.
In this appeal,[5] PennDOT contends that the OOR’s decision violates Section 306 of the RTKL, which states that “[njothing in this act shall supersede or modify the public or nonpüblic nature of a record'or document established in Federal or State law, regulation or judicial order or decree.” 65 P.S. § 67.306. Citing to Department of Labor and Industry v. Heltzel, 90 A.3d 823, 833 (Pa. Cmwlth. 2014), PennDOT argues that “[o]ther statutes that provide other avenues, and set other parameters for access to records ... operate independently of the RTKL. Pursuant to Section 3101.1 of the RTKL, [65 P.S. § 67.3101.1,] their procedural hurdles, and exceptions, remain intact and enforceable.” PennDOT claims that the P3 Law expressly provides that only portions of successful proposals are subject to access and does not make unsuccessful proposals public. It claims that because the P3 Law' estab *430 lishes parameters for access to successful proposals, it is in clear conflict with the RTKL. ■
Requestor argues that the P3 Law does not conflict at all with the RTKL. It contends that while the P3 Law'only specifically states that the successful proposal must be released, it is silent as to whether the unsuccessful proposals must be released. It argues that we have to look to the RTKL to determine whether unsuccessful proposals are public records. Because Section 708(b)(26) of the RTKL, 65 P.S. § 67.708(b)(26), makes no distinction between successful and unsuccessful proposals and only allows the withholding of any proposal from the public only until the contract has been awarded, that means that under the P3 Law, unsuccessful proposals are also public records. We disagree.
The problem with Requestor’s position is that it would have us incorporate into Section 9111 of the P3 Law, which was enacted after the RTKL, Section 708(b)(26) of the RTKL, 65 P.S. § 67.708(b)(26), notwithstanding the very different language in the two provisions as to what is to be released. More fundamentally, though, the P3 Law is a standalone law that takes the Bridge Replacement project out of the normal Procurement Code process for construction of public facilities and substitutes a new method for securing public facilities, including what records are considered public.
Under the Procurement Code, contracts are output-based, where the public sector owner identifies the exact outputs required through detailed specifications. 62 Pa.C.S. § 322. Each phase of the project is procured separately and multiple contracts pertaining to that phase may be awarded. 62 Pa.C.S. § 517. Contracts are awarded in stages: companies bid on the design;, once the design is completed, a contract is awarded for construction; once construction is completed, it becomes the public entity’s maintenance responsibility. 62 Pa. C.S. §§ 905,103. Because the Procurement Code process is output-based, most of the risks associated with normal procurement contracts are assumed by the public sector entity. Usually, each project is financed directly by government through capital contributions or debt. The RTKL, in general, applies to Procurement Code records.
The P3 Law presents an alternative method to set forth in the Procurement Code to build or maintain public infrastructure. Under the P3 Law, procurement of two or more' of the project delivery phases 'can be integrated and those methods may involve anything from designing and constructing to operating, maintaining and financing the project. 74 Pa.C.S. § 9108. Moreover, P3 contracts have outcome-based specifications, meaning that the public sector owner specifies its requirements and the private sector partner determines the best way to meet them. See 74 Pa,C.S. § 9110. Typically, in a P3 contract, the public sector partner would be responsible for securing its own financing, with the private sector partner financing the upfront capital costs and then recovering its investment over the term of the P3 agreement. See 74 Pa.C.S. § 9121. Also, the private sector party assumes substantial financial, technical and operational risk, and a Public-Private Transportation Partnership Board was created to oversee the process and select P3 projects. 74 Pa. C.S. § 9103.
Just as the procurement processes under the P3 Law are separate from those used under the Procurement Code, the public access to records contained in Section 9111 of the P3 Law are separate and distinct from the RTKL. Unlike the RTKL, which is open ended—i.e., unless falling within one of the exemptions the *431 information' is presumed to be a public record—Section 9111 of the P3 Law is closed-ended in that it specifies what information must be released, and if the record is not specified as public, it is not a public record. The P3 Law provides that only the identity of the development entity selected, the contents of the response of the development entity to the request for proposals, the final proposal submitted by the development entity, and the form of the Public-Private transportation partnership agreement be made public. The exceptions as to what has to be disclosed under the RTKL and the P3 Law, in some instances, are similar. However, the exceptions under the P3 Law are more expansive in that architectural and engineering plans and information relating to' competitive marketing materials and strategies .are not to be made public, while under the RTKL, normally, they are. The P3 Law is also more specific in that it denominates what type of materials cannot be released. Moreover, only the private development entity that is the successful proposer can release information that is otherwise exempt from disclosure under Section 9111(2) of the P3 Law, 74 Pa.C.S. § 9111(2), taking away the normal right of a public' contracting agency to release information in its possession if it believes it to be in the public interest. 65 P.S. § 67.506.
Simply, if the General Assembly wanted all proposals to be released, it would have said so and not limited the release to only the successful proposal.[6] See Heltzel, 90 A.3d at 832 (explaining that “a statute should be clear when it establishes the public nature of records.”).[7]
Accordingly, for the above reasons, we reverse the OOR’s final determination to the extent it concluded that the proposals of the unsuccessful bidders are subject to public disclosure.[8]
ORDER
AND NOW, this 31f; day of October, 2016, the Final Determination of the Office of Open Records dated January 19, 2016, at No, AP 2015-2648, is reversed.

. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

. Section 708(b)(26) of the RTKL provides an exemption to the disclosure of certain proposals and bids pertaining to the bidding process:
(b) Exceptions,—Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:
[[Image here]]
(26) A proposal pertaining to agency procurement or disposal of supplies, services or construction prior to the award of the contract or prior to the opening and rejec *427 tion of all bids; financial information of a bidder or offeror requested in an invitation for bid or request for proposals to demonstrate, the-bidder's or offeror’s economic capability; or the identity of members, notes and other records.of agency proposal evaluation committees established under 62 Pa. C.S. § 513 (relating to competitive sealed proposals). '
65 P.S. § 67.708(b)(26).

. Public-Private Transportation Partnership Law (P3 Law), 74 Pa;C.S. §§ 9101-9124.

. Sections 708(b)(6), 708(b)(ll), 708(c) and 708(b)(26) of the RTKL, 65 P.S. §§ 67.708(b)(6), 67.708(b)(ll), 67.708(c) and 67.708(b)(26), exclude from disclosure personal identification information, trade secrets or confidential proprietary information, and financial information and records, respectively.

. Our scope of review for a question of law under the RTKL is plenary. Office of the Governor v. Raffle, 65 A.3d 1105, 1109 n.4 (Pa. Cmwlth. 2013) (quoting Stein v. Plymouth Township, 994 A.2d 1179, 1181 n.4 (Pa. Cmwlth. 2010)). “A reviewing court, in its appellate jurisdiction, independently reviews ■ the OOR’s orders and may substitute its own findings of fact for that of the agency.” Bowling v. Office of Open Records, 990 A.2d 813, 818 (Pa. Cmwlth. 20Í0), affirmed, 621 Pa. 133, 75 A.3d 453 (2013).

. Under the statutory construction principle expressio unius est exclusio alterius, the inclusion of a specific matter in a statute implies the exclusion'of other matters. Atcovitz v. Gulph Mills Tennis Club, Inc., 571 Pa. 580, 812 A.2d 1218 (2002).

. Requestor contends that it is entitled to an award of recoupment of attorneys’ fees and costs of litigation under Section 1304(a) of the RTKL, 65 P.S. § 67.1304(a), because "Penn-DOT unreasonably and willfully ignored the depth of case law that has declared bids to be public record." (Requestor’s Brief at 19.). Obviously, because we have decided this matter in PennDOT’s favor, the request for counsel fees is denied.

. We agree, though, with the OOR that even if the unsolicited proposals were public records, unsuccessful bidders’ personal telephone numbers and financial information submitted ■ to demonstrate a bidder’s capacity to perform and . confidential proprietary . information/trade secrets are exempt from disclosure under Section 9111(4) of the P3 Law, 74 Pa.C.S. § 9111(4).