# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

State Employees' Retirement System, :
                    Petitioner :
                               :
              v.              :   No. 1603 C.D. 2016
                               :   Submitted: February 10, 2017
Kenneth W. Fultz,           :
                Respondent :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**            **FILED: March 29, 2017**

The State Employees' Retirement System (SERS) petitions for review of the August 29, 2016 Final Determination of the Office of Open Records (OOR), granting, in part, Kenneth W. Fultz's (Requester) request under the Right-to-Know Law (RTKL).[1] For the reasons that follow, we vacate and remand.

Fultz filed a Standard Right to Know Request (Request) with SERS on April 13, 2016, requesting the following records:

> Names and addresses of all retirees who retired, received an annuity and/or withdrew all or a portion of their contributions to their retirement account, returned to state service for a second, third[,] or

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

more periods of employment of two years or more and then retired a final time.

Also the names and addresses of beneficiaries of the above if the retiree has passed away.

(R.R. at 11a-12a.) Requester narrowed the Request by stating that he only sought information "for the periods of: January 1, 1995 through December 31, 1997[, and for] January 1, 2014 through April 15, 2016." (Id. at 12a.) Requester further omitted from his Request information concerning "any returning retiree who repaid all funds received during all retirement periods prior to the final retirement[,]" and information related to "judges, law enforcement officers[,] and corrections officers." (Id.)

SERS partially denied the Request. (Id. at 13a.) SERS granted access to some of the names requested, but omitted the names of beneficiaries pursuant to Section 708(b)(6)(i)(B)[2] of the RTKL, as well as the names of members that SERS believed were exempt from disclosure under Sections 708(b)(1)(ii)[3] and 708(b)(6)(i)(C)[4] of the RTKL. SERS further denied access to the addresses of all its members within the scope of the request on the basis that "the issue of public access to home addresses under the RTKL is unsettled." (Id. at 14a.) SERS noted that the Pennsylvania Supreme Court was currently addressing that issue in three appeals, and that, "[t]o protect the security and constitutional privacy rights of [its] members, SERS has preserved this issue for possible appellate review." (Id.)

---

[2] 65 P.S. § 67.708(b)(6)(i)(B). Section 708(b)(6)(i)(B) exempts from disclosure "[a] spouse's name, marital status or beneficiary or dependent information." Id.

[3] 65 P.S. § 67.708(b)(1)(ii). Section 708(b)(1)(ii) exempts from disclosure records that, if disclosed, "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual." Id.

[4] 65 P.S. § 67.708(b)(6)(i)(C). Section 708(b)(6)(i)(C) exempts from disclosure "[t]he home address of a law enforcement officer or judge." Id.

Requester appealed to the OOR. The OOR invited the parties to supplement the record, directed SERS to notify interested third parties within seven days, and to advise these third parties that they may request to participate in the appeal. (Id. at 19a-20a.) Upon receiving notice, several SERS members requested to participate in the appeal, six of which were permitted to participate. (Final Determination at 3.) Requester did not submit any evidence to supplement the record. (Id.) SERS requested a hearing on the matter, which was denied by the OOR, stating that "the OOR has the requisite information and evidence before it to properly adjudicate this matter." (Id. at 4.)

In its Final Determination, the OOR held, in relevant part, that the home addresses of SERS members are generally subject to public access. (Id. at 8.) The OOR reviewed the Supreme Court's decision in Commonwealth v. Duncan, 817 A.2d 455 (Pa. 2003) and this Court's decisions in Office of the Lieutenant Governor v. Mohn, 67 A.3d 123 (Pa. Cmwlth. 2013), and Office of the Governor v. Raffle, 65 A.3d 1105 (Pa. Cmwlth. 2013) and concluded that because there is no reasonable expectation of privacy in one's home address, "the constitutional right to privacy does not protect one's home address from public knowledge." (Final Determination at 8.) The OOR further concluded that the home addresses of three of the SERS members who directly participated in the appeal must be shielded from public access because these individuals submitted information showing that the exemption found in Section 708(b)(1)(ii) applies to them. (Id. at 10.)[5]

---

[5] The OOR also affirmed SERS' decision to withhold the names and addresses of beneficiaries pursuant to Section 708(b)(6)(i)(B) of the RTKL. This matter is not raised to this Court.

SERS now petitions this Court for review.[6] SERS argues that the home address of its members are protected by the constitutional right of privacy, and that the requested addresses are exempted by a Hold order issued by the Supreme Court. SERS' constitutional argument relies on the Supreme Court's decision in The Pennsylvania State Education Association v. Office of Open Records, 148 A.3d 142 (Pa. 2016) (PSEA III), issued after the OOR's Final Determination, which overruled this Court's decisions in Mohn and Raffle, and held that there is a constitutional right to privacy in one's home address in connection with a RTKL request. In PSEA III, the Court held that "[t]he right to informational privacy is guaranteed by Article 1, Section 1 of the Pennsylvania Constitution,[7] and may not be violated unless outweighed by a public interest favoring disclosure." PSEA III, 148 A.3d at 158. SERS asks this Court to conclude, in light of PSEA III, that the home addresses of its members are protected by the constitutional right of privacy. SERS further asks that we conduct the necessary balancing ourselves, or in the alternative, to remand the matter to the OOR with instructions for the OOR to remand to SERS to take additional evidence.

This Court has had the opportunity to address similar petitions for review since the Supreme Court decided PSEA III. In each such case, we vacated the OOR's final determination that relied on case law overruled by PSEA III and remanded the matter to the OOR to perform the required balancing. See, e.g., State Employees' Ret. Sys. v. Campbell, __ A.3d __, __ (Pa. Cmwlth., No. 871 C.D.

---

[6] This Court's standard of review of a Final Determination of the OOR is de novo and our scope of review is plenary. Bowling v. Office of Open Records, 75 A.3d 453, 477 (Pa. 2013).

[7] Pa. Const. art. I, § 1. Article I, Section 1 of the Pennsylvania Constitution provides: "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." Id.

4

2016, filed March 3, 2017), slip op. at 5 (vacating and remanding to OOR to conduct the balancing required by PSEA III); Dep't of Human Servs. v. Pennsylvanians for Union Reform, Inc., __ A.3d ___, ___ (Pa. Cmwlth., No. 1108 C.D. 2015, filed Feb. 8, 2017) (en banc), slip op. at 12-13 (same).  We do the same here.  We, therefore, vacate the Final Determination and remand the matter to the OOR.  On remand, the OOR may, at its discretion, provide the parties with an opportunity to supplement the record and conduct the balancing required by PSEA III itself, or remand the matter to SERS to do the same.[8]

_____

**RENÉE COHN JUBELIRER,** Judge

---

[8] Due to our disposition, we need not address SERS' argument related to the Supreme Court's Hold Order.  We note, however, that it appears that the Hold Order is no longer in effect pursuant to the Supreme Court's January 17, 2017 Order in State Employees' Retirement System v. Pennsylvanians for Union Reform, (Pa., No. 344 MAL 2015, filed Jan. 17, 2017).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

State Employees' Retirement System, : 
                          Petitioner : 
                                         : 
                 v. :   No. 1603 C.D. 2016
                                         : 
Kenneth W. Fultz, : 
                        Respondent :

# O R D E R

NOW, March 29, 2017, the final determination of the Office of Open Records (OOR) in the above-captioned matter is **VACATED**. This matter is **REMANDED** to the OOR for further proceedings consistent with the accompanying opinion.

Jurisdiction relinquished.

                                    _____

                                    **RENÉE COHN JUBELIRER,** Judge