## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

State Employees' Retirement System,   :
                 Petitioner   :
  :
        v.   :
  :
Simon Campbell,   :   No. 871 C.D. 2016
           Respondent   :   Submitted: October 7, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
            HONORABLE JULIA K. HEARTHWAY, Judge
            HONORABLE JOSEPH M. COSGROVE, Judge


OPINION BY
JUDGE COSGROVE             FILED: March 3, 2017


The State Employees' Retirement System (SERS) petitions for review of the Final Determination of the Office of Open Records (OOR) which granted a Right to Know Law [1] (RTKL) request filed by Simon Campbell (Campbell) requesting access to home addresses of SERS members. Upon review, we vacate and remand.

On February 22, 2016, Campbell filed a RTKL request with SERS seeking the following records: a copy of the RTKL request submitted to SERS by Kenneth Fultz (Fultz) on September 12, 2013; a copy of all records that Commonwealth Court ordered to be released to Fultz in response to Fultz's September 12, 2013 RTKL request; and a copy of the names and addresses of all retired SERS members Campbell identified as "European expat retirees," which he defined as those "whose home or mailing address is listed inside SERS

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

computerized databases as being in France, Germany, Italy, Spain, the UK, Belgium, Sweden, or the Netherlands." (Reproduced Record (R.R.) at 3a.) On February 29, 2016, SERS issued a timely interim response, notifying Campbell it would require an additional 30 days to provide a final response. On March 30, 2016, SERS issued a timely final response granting in part and denying in part his request.

SERS' final response granted access to a redacted copy of Fultz's RTKL request and all of the names of the "European expat retirees." SERS denied access to portions of Fultz's RTKL request, redacting Fultz's personal telephone number and personal email address based on the RTKL's exemption for personal identification information. SERS denied access to the home addresses of all "European expat retirees" and Fultz based on the unsettled state of the law regarding the release of home addresses and the disposition of *Pennsylvania State Education Association v. Office of Open Records,* 148 A.3d 142 (Pa. 2016) (*PSEA III*), which was pending at that time before the Pennsylvania Supreme Court. On March 31, 2016, Campbell appealed SERS' Final Response to the OOR, challenging only the denial of access to the home addresses of Fultz and the "European expat retirees." In the Final Determination, the OOR granted access to all home addresses requested by Campbell. SERS filed a Petition for Reconsideration which the OOR denied on May 31, 2016. SERS appealed to this court.[2]

---

[2] The standard of review in these matters is *de novo* and its scope of review is broad or plenary when it hears appeals from determinations made by appeal officers under the RTKL. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013). As to factual disputes, this Court may exercise functions of a fact finder, and has the discretion to rely upon the record created below or to create its own. *Department of Labor and Industry v. Heltzel*, 90 A.3d 823, 828 (Pa. Cmwlth. 2014).

In ordering release of the requested home addresses, the OOR relied heavily on *Commonwealth v. Duncan,* 817 A.2d 455 (Pa. 2003), *Office of the Lieutenant Governor v. Mohn*, 67 A.3d 123 (Pa. Cmwlth. 2013), and *Office of the Governor v. Raffle,* 65 A.3d 1105 (Pa. Cmwlth. 2013).  In *Duncan*, our Supreme Court held a criminal defendant's name and address were entitled to no constitutional protection because, in a day and age where people regularly disclose their names and addresses to public and private entities thus making that information readily available to the public, there can be no reasonable expectation of privacy in that information.  *Duncan,* 817 A.2d at 466.  In *Mohn,* this Court cited *Duncan* when concluding that "any expectation of privacy that an individual may have in his or her home address information is not objectively reasonable in modern society."  *Mohn*, 67 A.3d at 132.  Further, this Court explicitly held there was no constitutional right to privacy in one's home address under the Pennsylvania Constitution that would preclude the release of home addresses.  *Id.* at 130.  In *Raffle*, this Court found the OOR did not err in directing the release of the address of then-Governor Tom Corbett's residence in Shaler Township and the counties of residence and full names of 39 employees of the Office of the Governor because there was no reasonable expectation of privacy in that information.  *Raffle*, 65 A.3d at 1109-1110.  Likewise, the OOR stated that neither SERS nor the direct interest participants established that the requested personal addresses are protected by the constitutional right to privacy.  (R.R. at 99a.)

SERS argues the home addresses of SERS members are not public records and are exempt from disclosure by a Hold Order issued by the Pennsylvania Supreme Court in *State Employees' Retirement System v. Pennsylvanians For Union Reform*, (Pa. No. 344 MAL 2015, filed September 9,

2015). Resolution of that case was held pending a decision in *PSEA III,* which, as noted above, was issued on October 18, 2016.

In *PSEA III*, the Supreme Court was asked to consider whether school districts must disclose the home addresses of public school employees. In its analysis of whether a constitutional right to privacy existed in such information, the Court noted that on three occasions it ruled such information implicated this right to privacy under Article 1, Section 1 of the Pennsylvania Constitution, and a balancing test was required to determine whether the right to privacy outweighed the public's interest in dissemination. *PSEA III,* 148 A.3d 142, 144. The Court distinguished its decision in *Duncan,* stating that an analysis of that case proceeded under Article 1, Section 8 of the Pennsylvania Constitution due to the "distinctly different" privacy interests of an individual subject to a criminal investigation. *Id.* at 157. Because both *Mohn* and *Raffle* relied on *Duncan* in holding no constitutional right to privacy existed in one's home address, the Supreme Court explicitly disapproved those decisions. *Id.* at n. 9.

After concluding that the public school employees represented by PSEA had constitutionally protected privacy interests in their home addresses, the Supreme Court performed a balancing test, weighing those constitutional rights with the public interest favoring disclosure. *PSEA III,* 148 A.3d at 158. The OOR identified no public benefit or interest in disclosure of the addresses, and the Supreme Court perceived none in disclosing the information, noting:

> "[N]othing in the RTKL suggests it was ever intended to be used as a tool to procure personal information about private citizens or, in the worst sense, to be a generator of mailing lists. Public agencies are not clearinghouses of 'bulk' personal information otherwise protected by constitutional privacy rights. While the goal of the legislature to make more, rather than less, information available to public scrutiny is

4

laudable, the constitutional rights of the citizens of this Commonwealth to be left alone remains a significant countervailing force."

*Id.*

OOR's Final Determination was issued on May 2, 2016, well prior to the Supreme Court issuing its opinion in *PSEA III*. The Supreme Court held in *PSEA III* that the right to informational privacy guaranteed by Article 1, Section 1 of the Pennsylvania Constitution may not be violated unless outweighed by a public interest favoring disclosure. Therefore, the OOR may not order disclosure of the addresses of Fultz and the "European expat retirees" unless it has first applied the balancing test and found the presence of a public benefit or interest served by disclosure which outweighs the privacy interests of those whose addresses would be revealed. *PSEA III* established there is a constitutional right to privacy in one's home address in connection with RTKL requests and that information will not be disclosed unless there is a countervailing public interest to be served by the disclosure. Accordingly, this Court vacates the decision of the OOR and remands this matter to that office to perform the balancing test required by *PSEA III.*

_____
JOSEPH M. COSGROVE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

State Employees' Retirement System, : 
          Petitioner :
                         :
        v. :
                         :
Simon Campbell, :   No. 871 C.D. 2016
          Respondent :

## O R D E R

AND NOW, this 3rd day of March, 2017, the decision of the Office of Open Records is vacated and remanded for proceedings consistent with the accompanying opinion.

Jurisdiction is relinquished.

_____

JOSEPH M. COSGROVE, Judge