# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Butler Area School District | : | |
| | : | |
| v. | : | No. 1460 C.D. 2014 |
| | : | |
| Pennsylvanians for Union Reform, | : | |
| Appellant | : | |
| | | |
| | | |
| Pennsylvanians for Union Reform, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1461 C.D. 2014 |
| | : | Argued: September 11, 2017 |
| Butler Area School District | : | |

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge


**OPINION**
**BY JUDGE SIMPSON**                    **FILED: November 2, 2017**

In these consolidated appeals under the Right-to-Know Law (RTKL),[1] we are asked whether addresses contained in property tax assessment records, that are public under statute[2] and case law, are protected by the right to privacy in Article I, Section 1 of the Pennsylvania Constitution, as construed by our Supreme Court in <u>Pennsylvania State Education Association (PSEA) v. Department of Community & Economic Development</u>, 148 A.3d 142 (Pa. 2016) (<u>PSEA III</u>).

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

[2] 53 Pa. C.S. §8841(d).

Pennsylvanians for Union Reform (Requester) appeals from two orders issued by the Butler County Court of Common Pleas (trial court) that denied access to addresses it requested under the RTKL. Specifically, Requester sought the property tax assessment list (Property List) from the Butler Area School District (School District), as well as its Superintendent's home address. The Office of Open Records (OOR) upheld the School District's denial of addresses of public school employees based on a single-judge order issued by this Court in litigation brought by PSEA. During the PSEA litigation, this Court enjoined OOR from ordering disclosure of school employees' home addresses based on a constitutional right to privacy (Injunction Order). Relevant here, OOR directed the School District to redact public school employees' home addresses from the Property List. Citing the Injunction Order, the trial court vacated OOR's redaction order, and permitted the School District to withhold the entire Property List. Because the trial court erred in upholding the denial of access to addresses contained in the Property List, we reverse the trial court's orders and direct disclosure.

## I. Background

Relevant here, Requester submitted a RTKL request to the School District seeking the Superintendent's home address[3] and an unredacted copy of the most recent Property List. See Reproduced Record (R.R.) at 5a (Request). The School District denied access, citing the Injunction Order in the PSEA litigation. Requester timely appealed to OOR.

OOR permitted both parties to supplement the record. The School District submitted an affidavit of its Director of Business Services, Catherine

---

[3] During oral argument, Requester's counsel clarified Requester no longer seeks the Superintendent's home address, recognizing such a request triggers balancing under PSEA III.

2

Rodgers. R.R. at 84a (Affidavit). She attested that the property tax assessment records do not identify property owners' employers. As a result, the School District could not redact home addresses of public school employees from the Property List.

Requester argued the Injunction Order did not bind school districts. In addition, it asserted the Injunction Order was contrary to this Court's subsequent decisions holding home addresses were not protected by a right to privacy.[4]

OOR issued its final determination denying the appeal in part, reasoning the Injunction Order precluded it from directing access to public school employees' home addresses. Pennsylvanians for Union Reform (PFUR) v. Butler Area Sch. Dist., OOR Dkt. No. AP 2014-0777 (Final Determination). The Injunction Order stated in pertinent part: "The release of records maintained by public school districts that contain the home addresses of public school employees is hereby stayed until further order of this court." R.R. at 80a (emphasis added). It further provided "[OOR] is enjoined from directing the release of records maintained by public school districts that contain the home address of public school employees pursuant to the [RTKL] until further order of this court." Id. at 88a. Pursuant to the Injunction Order, OOR directed the School District to redact the home addresses of public school employees from the Property List.

Both the School District and Requester appealed to the trial court. Requester challenged the Final Determination for requiring redaction of public school employees' addresses from the Property List. It also argued the Injunction

---

[4] In effect, PSEA III, 148 A.3d 142 (Pa. 2016), overruled our en banc decisions in Office of the Lieutenant Governor v. Mohn, 67 A.3d 123 (Pa. Cmwlth. 2013) and Office of the Governor v. Raffle, 65 A.3d 1105 (Pa. Cmwlth. 2013), holding there was no right to privacy in a home address.

Order did not govern the School District. The School District challenged OOR's redaction directive, asserting impossibility of performance because the Property List contained no employer information.

After argument, the trial court relied on the record created before OOR. As to Requester's appeal, the trial court affirmed denial of the Superintendent's home address. By separate order, the trial court granted the School District's appeal, vacating the part of the Final Determination requiring redaction of the Property List. Requester appealed both orders to this Court.

As directed by the trial court, Requester filed concise statements of the errors complained of on appeal under Pa. R.A.P. 1925(b). In its nearly identical Rule 1925(a) opinions, the trial court reasoned it was bound by the Injunction Order because it was issued by a higher court. Tr. Ct., Slip Op., 10/15/14, at 7 (Dkt. No. 14-40163). As a consequence, the trial court permitted the School District to withhold the entire Property List.

After briefing, this Court scheduled the appeals for argument. Subsequently, our Supreme Court clarified that the 2009 injunction as to disclosure of public school employees' home addresses continued as modified by the 2014 Injunction Order. Upon Requester's application, we stayed the matter pending the Supreme Court's disposition of the PSEA litigation.

Relevant here, our Supreme Court issued PSEA III in October 2016. In so doing, our Supreme Court confirmed the right to privacy construed to protect

4

home addresses sought under the predecessor to the RTKL (Former Law[5]) remained in force as embedded in Article I, Section 1 of the Pennsylvania Constitution.

This Court consolidated the appeals and requested supplemental briefs as to the effect of PSEA III. Requester argued PSEA III did not compel withholding of the Property List. The Pennsylvania NewsMedia Association submitted an *amicus curiae* brief aligned with Requester's position. The School District moved to strike the appeals based on mootness; Requester answered. Following argument on the motion, this Court denied it. After argument,[6] the matter is ready for disposition.

## II. Discussion

## A. Contentions

In these consolidated appeals,[7] Requester argues the trial court erred in holding the Injunction Order enjoins the School District from disclosing home addresses of public school employees because the School District was not a party to the PSEA litigation. It contends the Injunction Order did not bind the trial court. Regardless, it maintains the trial court erred in extending the Injunction Order to protect the entire Property List. Requester emphasizes that the Property List is a public record under statute and case law construing the Former Law.

---

[5] Act of June 21, 1957, P.L. 390, as amended, 65 P.S. §§66.1-66.4, repealed by Section 3102(2)(ii) of the RTKL, 65 P.S. §67.3102(2)(ii).

[6] During argument, the School District's counsel advised that if this Court holds the Property List is public, then the School District will provide it.

[7] Our review of a trial court's order in a RTKL dispute is "limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of law, or an abuse of discretion in reaching its decision." Kaplin v. Lower Merion Twp., 19 A.3d 1209, 1213 n.6 (Pa. Cmwlth.), appeal denied, 29 A.3d 798 (Pa. 2011).

The School District counters the trial court's opinion was in conformity with the Injunction Order. It argues the Injunction Order bound school districts because it required OOR to notify all school districts that disclosure of home addresses were stayed pending resolution of the PSEA litigation. It also contends the Injunction Order bound the trial court because this Court is a higher tribunal. Based on PSEA III, the School District asserts public school employees' home addresses in the Property List are protected by a constitutional privacy right.

## B. Analysis

"[T]he current RTKL, [compared to the Former Law] 'significantly expanded public access to governmental records ... with the goal of promoting government transparency.'" Pa. State Police v. Grove, 161 A.3d 877, 892 (Pa. 2017) (quoting Levy v. Senate of Pa., 65 A.3d 361, 368 (Pa. 2013)). A "record" qualifies for access through the RTKL when it "documents a transaction or activity of an agency." Section 102 of the RTKL, 65 P.S. §67.102 (emphasis added); see Highmark, Inc. v. Voltz, 163 A.3d 485 (Pa. Cmwlth. 2017) (en banc).

As a local agency, the School District has a statutory duty to "provide public records in accordance with [the RTKL]." Section 302 of the RTKL, 65 P.S. §67.302. Records in the School District's possession are presumed "public" unless they are: (1) exempted by Section 708 of the RTKL; (2) protected by a privilege; or (3) exempted "under any other Federal or State law or regulation or judicial order or decree." Section 305 of the RTKL, 65 P.S. §67.305 (emphasis added). State statutes

6

that designate public nature supersede the RTKL. Section 306 of the RTKL, 65 P.S. §67.306; see Highmark (holding insurance statutes protected requested information).

At the outset, we emphasize that the only record at issue in this appeal is the Property List.[8] Requester sought a list "that show[s] each property owner's name and **property** address *for properties within the geographic confines of the [S]chool [D]istrict*." R.R. at 5a (bold added, italics in original).

The School District uses the Property List to prepare tax duplicates. See Section 677.1 of the Public School Code, 24 P.S. §6-677.1.[9] Although it originated with the county, the Property List qualifies as a record "of" the School District because the School District uses it to conduct agency business. See Bagwell v. Dep't of Educ., 76 A.3d 81 (Pa. Cmwlth. 2013) (en banc).

**1. Judicial Order**

Under the RTKL, an agency may withhold a record based on a judicial order. Section 305(a)(3) of the RTKL, 65 P.S. §67.305(a)(3). Here, the trial court relied on the Injunction Order to exempt the Property List in its entirety. In so doing, the trial court fell into error.

Importantly, the judicial order that forms the basis for exempting a record from disclosure must apply to the record at issue. Office of Dist. Att'y of Phila.

---

[8] The Property List is comprised of the assessment roll of subjects of real estate taxation prepared by the county. Subjects of real estate taxation include homes, mobile homes/trailers, buildings permanently attached to land, mills and manufactories, office buildings and portions of structures that shelter machinery, tools or other equipment. 53 Pa. C.S. §8811.

[9] Public School Code of 1949, Act of March 10, 1949, P.L. 30, 24 P.S. §6-677.1, added by the Act of January 14, 1952, P.L. (1951) 1944.

v. Bagwell, 155 A.3d 1119 (Pa. Cmwlth. 2017).  Our examination of the language of the Injunction Order reveals that it pertained to the home addresses of public school employees *only*.  However, there was no evidence that established the Property List contained public school employees' home addresses.  Indeed, the School District submitted evidence that it could not differentiate between the property addresses contained in the Property List based on employer, because employers were not identified.  R.R. at 84a.  The School District had the burden to prove the application of its exemption.  Pure speculation as to a record's contents is not evidence that may substantiate an exemption.

The trial court cautiously, but erroneously, construed the Injunction Order to apply to all property addresses contained in the Property List.  In so doing, the trial court in effect extended the Injunction Order beyond its terms.

In addition, as OOR recognized, the Injunction Order was limited to home addresses only.  However, there is no evidence that all property addresses contained in the Property List correspond to home addresses.[10]  Further, the School District asserted no grounds to protect the entire record beyond the alleged impossibility of redaction.  Thus, the trial court had no legal basis for vacating OOR's order to the extent it required redaction of certain home addresses from the Property List.

In vacating OOR's redaction requirement, the trial court did not apply the redaction mandate under the RTKL. Section 706 of the RTKL, 65 P.S. §67.706, provides that records shall be disclosed with the protected parts redacted.  Our

---

[10] Counsel for the School District conceded during argument that she did not know whether the property addresses contained in the Property List corresponded to home addresses.

8

Supreme Court requires redaction to ensure that public parts of records are disclosed in accordance with the RTKL. See Grove; Pa. Pub. Util. Comm'n v. Seder/The Times Leader, 139 A.3d 165 (Pa. 2016).

Additionally, the Injunction Order bound only the parties to the PSEA litigation. Paterra v. Charleroi Area Sch. Dist., 349 A.2d 813 (Pa. Cmwlth. 1975). The School District was not a party to, and did not otherwise participate in, the PSEA litigation.

In short, the trial court erred by allowing the School District to withhold the entire Property List. However, that does not end our inquiry as the Injunction Order was for all intents and purposes supplanted by PSEA III.

## 2. PSEA III & Privacy Right

In PSEA III, our Supreme Court held the right to informational privacy is guaranteed by Article 1, Section 1 of the Pennsylvania Constitution. It safeguards certain "inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing [citizens'] own happiness." PA. CONST. art. I, §1. Notably, in holding public school employees enjoyed a right to privacy in their home addresses, the Court drew upon its precedent construing the Former Law.

Decisions under the Former Law recognized a right to privacy inuring in three types of identifiers: Social Security numbers, telephone numbers and home addresses. See Tribune-Review Publ'g Co. v. Bodack, 961 A.2d 110 (Pa. 2008); Penn State Univ. v. State Emps.' Ret. Bd., 935 A.2d 530 (Pa. 2007) (PSU v. SERB); Sapp

Roofing Co. v. Sheet Metal Workers' Int'l Ass'n, Local Union No. 12, 713 A.2d 627 (Pa. 1998) (plurality op.); see also Times Publ'g Co., Inc. v. Michel, 633 A.2d 1233 (Pa. Cmwlth. 1993). In PSEA III, our Supreme Court recognized the continued vitality of that privacy jurisprudence under the current RTKL.

Analyzing the scope of the right to privacy under Article I, Section 1, our Supreme Court explained "the right … concerns avoiding disclosure of personal matters. The object of such a right is, in part, to protect an individual from revealing matters which could impugn his character and subject him to ridicule or persecution." Stenger v. Lehigh Valley Hosp. Ctr., 609 A.2d 796, 800 (Pa. 1992). In Stenger, the Court noted the right is not offended when the information is rendered anonymous. It explained: "With no name associated with the disclosure, no disrepute can occur." Id. at 800-01.

A home address is a type of information that may be considered a personal matter. Bodack; PSU v. SERB; Sapp Roofing. In sharp contrast, the Property List is a record of owners of taxable real property that has been assessed to generate revenue for the government. A property address contained in the Property List correlates to a taxable property, not necessarily to a person's home. Even the mailing address a property owner provides to a taxing authority is not necessarily a home address. Goppelt v. City of Phila. Revenue Dep't, 841 A.2d 599 (Pa. Cmwlth. 2004). Thus, an address contained in the Property List is not necessarily a personal identifier like a personal telephone number or Social Security number, as generally set forth in Bodack, PSU v. SERB and Sapp Roofing.

10

Cognizant of the material differences in the information at issue, we do not equate home addresses of specified individuals to addresses contained in the Property List, that correspond to properties taxed regardless of who lives there. Goppelt. Accordingly, we consider a request for the Property List based on its content and the nature of the record. Easton Area Sch. Dist. v. Baxter, 35 A.3d 1259 (Pa. Cmwlth. 2012).

### a. Public Nature

Pennsylvania has a longstanding practice of mandating access to property assessment records. See Dooley v. Luzerne Cnty. Bd. of Assessment Appeals, 649 A.2d 728 (Pa. Cmwlth. 1994); Westmoreland Cnty. Bd. of Assessment Appeals v. Montgomery, 321 A.2d 660 (Pa. Cmwlth. 1974) (en banc) (recognizing public nature of assessment records). Dooley involved access to property assessment records under the Former Law. In Dooley, the requester submitted a RTKL request for access to the property assessment records maintained by the Luzerne County Board of Assessment Appeals. The County advised the requester he could not review the assessment cards under the Former Law. Rather, he would have to pay $1 to purchase a copy. This Court held the assessment records were public and ordered the agency to make them available under the Former Law.

Property tax assessment records are also public by statute. The Consolidated County Assessment Law, applicable to counties of the 4th through 8th classes,[11] provides for public inspection of the assessment rolls as follows:

---

[11] Generally school taxes are levied and assessed upon all property assessed by the county pursuant to the Consolidated County Assessment Law, 53 Pa. C.S. §§8801-8868. See Section 677 of the Public School Code, 24 P.S. §6-677.

11

(1) The assessment roll shall be open to public inspection at the county assessment office during ordinary business hours. …

****

    (ii) The place where and time when the assessment roll will be open for inspection.

(2) This subsection shall not be construed to limit the right of any resident of this Commonwealth to access public records in accordance with the [RTKL].

53 Pa. C.S. §8841(d) (emphasis added).  The access provision in the Consolidated County Assessment Law thus supplements the RTKL.  Seder, 139 A.3d at 174 (statute's reference to RTKL shows intent to "supplement … access," not limit it).

As to Second Class counties, a similar property list is also public.  72 P.S. §5452.18.[12]  The relevant provision provides:  "Any taxpayer may, at any time during office hours, have access to the records of taxable property and be permitted to copy therefrom a list of taxable property."  Id.

The Property List is well-established as a public record to which the public has a right of access.  Moreover, the address of an assessed property is an essential component of the assessment for tax purposes.  In other words, as discussed below, a list of assessed properties is of little use without the addresses of the properties.  Nevertheless, the public nature of the Property List does not necessarily conflict with an individual's right to informational privacy under our state constitution.

**b. Privacy Interest**

---

[12] Section 18 of the Act of June 21, 1939, P.L. 626.

Under Article I, Section 1 of the Pennsylvania Constitution, an individual has a constitutional right to protect *personal* information from disclosure. Stenger. Certain information is categorically protected as personal, such as medical records. See, e.g., In re T.R., 731 A.2d 1276, 1280 (Pa. 1999) (upholding privacy of psychiatric records); Stenger (blood donor AIDS screening tests). When the type of information is not categorically protected,[13] privacy analysis consists of two steps. The first step is assessing whether the information at issue is sufficiently personal in nature to trigger protection as a privacy interest. The second step is weighing an individual's privacy interest in nondisclosure against an interest in disclosing the personal information. When the balance favors nondisclosure, courts enforce an individual's privacy right. However, before reaching the balancing test, we must first discern a cognizable privacy interest in the information at issue.

PSEA III did not analyze the personal nature of addresses generally. Instead, the Supreme Court emphasized that a home address, like a personal telephone number or Social Security number, is personal in nature based on three cases analyzing access under the Former Law: Bodack (as to personal telephone numbers); PSU v. SERB; and, Sapp Roofing (requiring redaction of personal identifiers, including employees' addresses and Social Security numbers).

In PSU v. SERB, salaries and credited service information of PSU employees, including Joe Paterno, were at issue. In determining whether salary information was sufficiently personal in nature to qualify for protection, our

---

[13] Importantly, PSEA III did not hold home addresses are categorically protected as personal information. Rather, the privacy interest depended on the evidentiary record. Id. at 158 (upholding privacy right based "on the facts and circumstances presented here …").

Supreme Court considered the reasonableness of the expectation that such information would be treated confidentially. In holding the salaries were public, it reasoned "[t]here can be no reasonable expectation that the Commonwealth will keep its finances secret from the general public." Id. at 540. In so holding, it discounted the individual's subjective expectation of privacy based on PSU's confidentiality policy. Thus, the Court considered both subjective and objective elements in evaluating the personal nature of the information. The Court also emphasized that the information was submitted voluntarily. Id. ("The minute any individual or entity voluntarily submits any information to the Commonwealth for the purpose of deriving a financial benefit and acquires such benefit or a contractual interest therein, that information ceases to be private in nature.").

Whether an address deserves protection as a privacy interest depends in part on the relationship of the address to the record requested. In Goppelt, this Court determined a list of off-site mailing addresses of delinquent tax properties was public. Importantly, there was no question that the list of *property* addresses was public. The only issue before this Court was whether the *off-site mailing addresses of property owners* were public.

In Goppelt, we explained the mailing addresses were essential components of records of tax delinquencies the agency was required to maintain.[14] We emphasized "it is significant that the addresses are voluntarily submitted by the property owners and are not necessarily their home addresses." Id. at 606 (emphasis added). Further, we reasoned "significant is the fact that the General Assembly has

_____

[14] Under the Former Law, a requester bore the burden of proving a record was a "public record" as either a minute/order/decision or an account/voucher/contract. Section 1 of the Former Law, 65 P.S. §66.1 (repealed).

14

legislated with regard to the board of tax revisions in each county that the address of a property owner must be made available when requested." Id. We also noted an owner's privacy interest in his or her mailing address was "highly speculative and would only apply to absent property owners who chose to provide their home addresses as an alternative address." Id.

Employing the same analysis our Supreme Court adopted in PSEA III, the Goppelt Court reasoned that the benefit of disclosing the off-site mailing addresses (*i.e.*, addresses different than the indisputably public property address) outweighed any privacy interest in nondisclosure.

Statutory considerations also influence the public nature of an address. This Court protected home addresses of earned income taxpayers as confidential identifiers in Juniata Valley School District v. Wargo, 797 A.2d 428 (Pa. Cmwlth. 2002). There, we held that identities of individuals who paid earned income tax, and their home addresses, qualified as "confidential tax information" protected by the Local Taxpayers Bill of Rights Act (Act), 53 Pa. C.S. §8437. Ultimately, the source of the record containing the requested information dictated public status.

The Act expressly protects from disclosure information obtained from earned income tax returns. Id. We reasoned that since home addresses were obtained from taxpayers' returns, the addresses constituted "confidential tax information." Wargo. Notably, Section 8438 of the Act, 53 Pa. C.S. §8438, provides that the subchapter does not apply to taxes on real property. Thus, the General Assembly expressly declined to extend confidentiality protection to real property

15

taxes. Based on the Act, an individual had a reasonable expectation that information contained in a return would be kept confidential.

At this point, neither PSEA III nor appellate decisions construing the Former Law have recognized that an address is personal information when it is unclear that the requested address correlates to an individual's home. Goppelt. Thus, we consider whether a *property* address, as distinguished from a *home* address, is of a personal nature so as to trigger a balancing analysis.

### c. Assessing Personal Nature

The foregoing appellate decisions teach us that certain factors are constant when evaluating a privacy interest in information. One is an individual's reasonable expectation that the information is of a personal nature. PSU v. SERB. When information is public as a matter of statute, it is unreasonable for a person to expect that it is of a personal nature. Cf. Wargo. Another factor is how the agency obtained the information: when an individual voluntarily submits information, it may be disclosed, Goppelt; whereas, information obtained by an agency premised on statutory confidentiality is protected, see Highmark; Wargo. Also, the context holds additional significance, as does whether the information is an essential component of a public record. PSU v. SERB; Sapp Roofing; Goppelt.

Applying these factors here, the Property List does not qualify as sufficiently personal in nature to trigger a balancing test.

16

First and foremost, the Property List is a public record by statute. 53 Pa. C.S. §8841(d). The statutory public nature of the information precludes a subjective or objective expectation that addresses contained therein are personal. In essence, the General Assembly already determined the necessity for access to property tax records outweighs any right to shield the addresses from view.

Second, the Property List shows the ownership of real property. Ownership of real property is not an inherently personal matter. At their core, real property tax records document sources of government revenue. Property addresses correspond to properties within a taxing district regardless of owner identity. Address information is integral to the Property List. Without a property address, a property tax assessment record is of little value. Further, addresses within the Property List are essential parts of tax assessment records. Such address information is necessary for tax assessments, which affect the public fisc. By virtue of its purpose and context, an address contained in the Property List is public in nature.

Third, the source of the information contained in the Property List is not necessarily an individual. Cf. Wargo. Indeed, the real property listed in property tax records may be owned by corporations or other entities. The constitutional right to informational privacy only inures to individuals. Stated differently, individuals, as distinct from "persons" (which may include corporations), may assert a privacy interest under Article I, Section 1.

Fourth, PSEA III held that privacy jurisprudence under the Former Law guides which records implicate a privacy interest that warrants constitutional

17

protection. That case law does not support a privacy interest in a *property* address, as distinguished from a home address. Goppelt; Dooley. By linking home addresses with personal telephone numbers and Social Security numbers, it is evident that applicable precedent protects personal identifiers. See Bodack; PSU v. SERB; Sapp Roofing.

In sum, PSEA III does not require a longstanding public record like the Property List to be subjected to a balancing test. Addresses contained in the Property List are fundamentally different from the public school employees' home addresses at issue in PSEA III. In a request for a home address of a specified individual or group of individuals, the address becomes a personal identifier, and a means of disturbing an individual in his own home. See, e.g., Hartman v. Dep't of Conserv'n & Natural Res., 892 A.2d 897 (Pa. Cmwlth. 2006) (protecting names and home addresses of snow mobile owners under Former Law). Although a request for a home address that is tied to an individual implicates a judicial balancing test, a request for the Property List does not.[15]

Based on statute and case law, we hold addresses contained in the Property List are not personal in nature. As a consequence, we discern no individual privacy interest in nondisclosure that may be balanced against the public interest in disclosure. Therefore, the trial court erred in allowing the School District to withhold the entire Property List.

---

[15] Had we determined judicial balancing was necessary, a remand to the fact-finder would be necessary to weigh the interest in disclosure against the property owners' privacy interests. See Dep't of Human Servs. v. PFUR, 154 A.3d 431 (Pa. Cmwlth. 2017) (en banc) (vacating OOR decision in part, remanding to allow OOR to conduct privacy balancing test); State Emps.' Ret. Sys. v. Campbell, 155 A.3d 1153 (Pa. Cmwlth. 2017).

### III. Conclusion

The Property List is a public record by statute and case law. For all the foregoing reasons, we reverse the trial court's orders as to the Property List, and we direct the School District to disclose the Property List to Requester.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Butler Area School District       : 
      : 
      : 
v.       :   No. 1460 C.D. 2014
      : 
Pennsylvanians for Union Reform,       : 
      Appellant       : 


Pennsylvanians for Union Reform,       : 
      Appellant       : 
      : 
v.       :   No. 1461 C.D. 2014
      : 
Butler Area School District       : 

## O R D E R

**AND NOW**, this 2nd day of November, 2017, the orders issued by the Butler County Court of Common Pleas are **REVERSED** as to the requested property tax assessment records,[16] referred to as the Property List in the foregoing opinion, and the Butler Area School District is **ORDERED** to disclose the Property List, without redaction, to Appellant, Pennsylvanians for Union Reform.

 

 

ROBERT SIMPSON, Judge

---

[16] Because Appellant no longer challenges the denial of access as to the Superintendent's home address, the appeal as to that information is moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Butler Area School District :
:
v. : No. 1460 C.D. 2014
:
Pennsylvanians for Union Reform, :
:
Appellant :


Pennsylvanians for Union Reform, :
:
Appellant :
:
v. : No. 1461 C.D. 2014
: Argued: September 11, 2017
Butler Area School District :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge


DISSENTING OPINION
BY JUDGE WOJCIK                                           FILED: November 2, 2017


Respectfully, I dissent. The Majority's analysis is at odds with the Supreme Court's clear holding in *The Pennsylvania State Education Association v. Department of Community and Economic Development*, 148 A.3d 142 (Pa. 2016) (*PSEA III*), a holding that this Court has previously construed quite differently.

Pennsylvanians for Union Reform (Requester) submitted a Right-to-Know Law[1] (RTKL) request to the Butler Area School District (District). Relevant here, the request sought an unredacted copy of the property tax assessment list.[2] The

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

[2] The request defined "property tax assessment list" to mean a list of property assessment information sent by the county to the school district "showing at a minimum each property owner's name and address *for properties within the geographic confines of the school district*." Reproduced Record (R.R.) at 5a (emphasis in original).

In its entirety, the request, R.R. at 5a-6a, sought the following information:

> Request #1: The home addresses of all unionized employees of the school district **in the possession of the Union representative/s** that contracted to provide the services of those employees to the school district. See [Section 506(d)(3) of the RTKL,] 65 P.S. § 67.506(d)(3).

> Request #2: Extracted from the school district's computerized payroll or human resources systems: the full names and positions of all employees currently employed by the school district.

> Request #3: Extracted from the school district's computerized payroll or human resources systems: the home address of the Superintendent.

> Request #4: The most recently received property tax assessment list/s in the possession of the school district (see definition).

> Request #5: A list of the names and residency addresses of all persons required to pay a local earned income tax under Act 32 of 2008 (The Local Tax Enabling Act) [Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§6901-6924] to financially support the school district.

> In whatever form it exists:

District denied that request, citing the preliminary injunction issued by former Senior Judge Rochelle Friedman in *Pennsylvania State Education Association ex rel. Wilson v. Commonwealth, Office of Open Records*, 981 A.2d 383 (Pa. Cmwlth. 2009), *aff'd*, 2 A3d 558 (Pa. 2010).[3] The Office of Open Records (OOR) upheld the District's denial of the addresses and directed the District to redact public school employees' home addresses from the list. The trial court vacated the redaction order and permitted the District to withhold the entire property list. Thereafter, our Supreme Court issued its decision in *PSEA III*. On appeal to this Court, Requester argues that the holding in *PSEA III* does not compel withholding of the property list.

Reversing this Court's *en banc* decision, in *PSEA III* our Supreme Court held that, in the context of a RTKL case, Article 1, Section 1 of the Pennsylvania Constitution confers on citizens a right to informational privacy. 148 A.3d at 150-51, 156-58. The issue before the court was whether school districts must disclose the home addresses of public school employees.

---

Request #6: Evidence in the possession of a) the school district, and b) every employee of the school district … showing that the release of the home address of each affected public school employee of the school district in response to the RTKL request would be "reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual" (as described in Section 708(b)(1)(ii) of the RTKL).

Request #7: A copy of all collective bargaining agreements between the school district and all Unions (prefer .pdf files to be e-mailed electronically).

[3] That order prohibited the Pennsylvania State Education Association (PSEA) from disclosing the home addresses of its members. It was affirmed by the Supreme Court without prejudice to any party's right to appeal the final disposition of the matter.

Recently, in *Department of Human Services v. Pennsylvanians for Union Reform, Inc.*, 154 A.3d 431 (Pa. Cmwlth. 2017), our Court interpreted *PSEA III* as requiring OOR to undertake a balancing test before releasing an individual's home address in the context of a RTKL request. In that case, the Department of Human Services (DHS) appealed a final determination of the OOR that granted the appeal of Pennsylvanians for Union Reform (PFUR) and directed DHS to provide PFUR records containing the addresses of all direct care workers (DCWs). This Court affirmed the OOR's determination that the list of home addresses of direct care workers is not exempt information under Section 708(b)(28) of the RTKL, 65 P.S. §67.708(b)(28). Nevertheless, in accord with our Supreme Court's decision in *PSEA III*, we vacated the OOR's final determination ordering DHS to provide the home addresses of direct care workers to PFUR, and we remanded the matter to the OOR. In doing so, we reasoned as follows:

> **In [*PSEA III*], the Supreme Court, reversing an *en banc* decision of this Court, held that Pennsylvanians enjoy a constitutionally-protected right of privacy in their home addresses.** Under *PSEA III*, before releasing a home address that does not fall within an express exemption under the RTKL, the OOR must balance the individual's right to privacy in his or her home address against the public benefit in the dissemination of that information. The OOR may only order disclosure where the public benefit outweighs the individual privacy interest. *PSEA III,* 148 A.3d at 156-58.
>
> In light of *PSEA III*, the Court is constrained to vacate the portion of the Final Determination that ordered DHS to provide PFUR the home addresses of all DCWs and remand the matter to the OOR to perform the balancing test required under *PSEA III*. **The right to informational privacy in one's home address is grounded in, *inter alia*, Article 1, section 1 of the Pennsylvania**

**Constitution.** *Id.* **at 150-51. It is a right that belongs to each Pennsylvanian**, that exists independent of the exemptions found in the RTKL, and that each agency must consider before disclosing personal information that falls within the scope of the right. In an ideal situation, we would rely on those who claim the right to assert it timely. **Because of the lack of meaningful procedural due process protections afforded to those whose private information is sought through the RTKL,[] that obligation must fall on the agencies that hold this information and have the wherewithal, in the context of the RTKL, to protect it from disclosure.**

*Department of Human Services v. Pennsylvanians for Union Reform, Inc.*, 154 A.3d at 437 (emphasis added) (footnote omitted).

Applying the holding in *PSEA III* consistently, we employed the same reasoning and reached a similar conclusion in *State Employee Retirement System v. Campbell*, 155 A.3d 1153 (Pa. Cmwlth. 2017) (*SERS v. Campbell*). In that case, the requester filed a RTKL request with the State Employee Retirement System (SERS) requesting, *inter alia*, a copy of the names and address of all retired SERS members whose home addresses are listed with SERS as being in France, Germany, Italy, Spain, the UK, Belgium, Sweden, or the Netherlands. SERS denied access to the home addresses, citing the pending appeal in *PSEA III*. On appeal, the OOR granted access to all of the home addresses sought under the request. After the OOR denied reconsideration, SERS appealed to this Court.

We concluded that the matter must be remanded to the OOR to perform the balancing test required by *PSEA III*. Relevant here, we quoted from the Supreme Court's decision as follows:

> **"[N]othing in the RTKL suggests it was ever intended to be used as a tool to procure personal information about private citizens or, in the worst sense, to be a generator of mailing lists**. Public agencies are not clearinghouses of 'bulk' personal information otherwise protected by constitutional privacy rights. While the goal of the legislature to make more, rather than less, information available to public scrutiny is laudable, **the constitutional rights of the citizens of this Commonwealth to be left alone remains a significant countervailing force.**"

*SERS v. Campbell*, 155 A.3d at 1155-56 (quoting *PSEA III*, 148 A.3d at 158). As reflected by the above-quoted language, the mere fact that requested information, including home addresses, may be obtained from other sources is of no consequence in a RTKL analysis. Indeed, Requester's request form identifies multiple sources from which home addresses are discoverable through searches of on-line databases by owner name. R.R. at 6a-7a. As the Supreme Court emphasized in *PSEA III*, that fact does not supersede an individual's constitutional right to be left alone *for purposes of requests for information under the RTKL.* 148 A.3d at 158.

The Majority characterizes *PSEA III* as holding that public school employees enjoy a right to privacy in their home addresses. Majority op. at 9. Although the addresses of public school employees were at issue in *PSEA III*, the Supreme Court did not limit its holding to either the type of individuals or the type of information at issue, but pointedly and repeatedly referred to "the rights to *informational privacy* granted to *our citizens*." 148 A.3d at 156 (emphasis added).

"This court, through its decisions in *Sapp Roofing*,[4] *Penn State*,[5] and *Bodack*,[6] has developed a body of case law requiring governmental agencies to respect the constitutional privacy rights of citizens when disseminating requested information. In such circumstances, a balancing test is required before the disclosure of *any personal information*." 148 A.3d at 156 (emphasis added).

Requiring governmental agencies to be mindful of citizens' constitutional privacy rights implicitly acknowledges the significant distinction between the collection of personal information by private entities and governmental agencies. Citizens often volunteer personal information such as home addresses, telephone numbers, and email addresses to private entities in exchange for privileges such as a credit card or a loyalty program, acknowledging that such information will be shared. In contrast to this voluntary conduct, the information gathered by governmental bodies, such as found in school, earned income tax, and property tax records, is required to be supplied to the government in exchange for the privileges of education, employment, and home ownership.

Further, to say that all addresses on the property list may not be home addresses is to acknowledge that the remaining addresses indeed are home addresses. As the court in *PSEA III* unequivocally held, the discrete issue presented by a RTKL request for home addresses is whether the constitutional right to privacy in one's

---

[4] *Sapp Roofing Co. v. Sheet Metal Workers' International Association, Local Union No.12*, 713 A2d 627 (Pa. 1998).

[5] *Penn State University v. State Employees' Retirement Board,* 935 A.2d 530 (Pa. 2007).

[6] *Tribune-Review Publishing Co. v. Bodack,* 961 A.2d 110 (Pa. 2008).

home address is outweighed by a public benefit or interest in disclosure.[7]  Again, to resolve that issue, a balancing test must be applied.  *PSEA III.*

I believe that the Majority's reliance on the Consolidated County Assessment Law[8] as authority to disclose the property list misses the mark.  Where information qualifies as a public record under the RTKL, statutory authority for disclosure already exists.  However, the existence of such authority does not complete our analysis, because "Pennsylvania courts are obliged to construe statutory enactments as consistent with the Pennsylvania Constitution."  *PSEA III*,

---

[7] As Justice Wecht observed:

> As the United States Supreme Court has observed, it may well be true that home addresses are publicly available through easily accessible sources.  *See Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (1989).  However, "[a]n individual's interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information may be available to the public in some form."  *Dep't of Defense v. Federal Labor Relations Auth.*, 510 U.S. 487, 500, 114 S. Ct. 1006, 127 L. Ed. 2d 325 (1994).  Although individuals voluntarily may reveal their home addresses in a variety of contexts, *i.e.*, obtaining various licenses, going to court, or owning property, this voluntary disclosure is legally distinct from and irrelevant to the question of whether a public employer must produce its employees' home addresses upon demand.  Nor is it relevant as a matter of constitutional law that home addresses are available in the public domain and accessible through internet searches or particular websites.  That such information may be uncovered by private citizens through industry or skullduggery does not mean that government must employ public resources to assist in that activity.

148 A.3d at 161-62 (Wecht, J., concurring).

[8] 53 Pa. C.S. §§8801-8868.

148 A.3d at 156; *Harrington v. Department of Transportation*, 763 A.2d 386, 393 (Pa. 2000). As interpreted by our Supreme Court in *PSEA III*, the Pennsylvania Constitution requires a balancing test be employed before a citizen's home address can be supplied in response to a RTKL request, regardless of whether the information may be available from another source, public or private.

The Majority relies on *Goppelt v. City of Philadelphia Revenue Department*, 841 A.2d 599 (Pa. Cmwlth. 2004), as employing the same analysis adopted in *PSEA III*. Respectfully, no decision prior to *PSEA III* has so clearly and unequivocally recognized a right to informational privacy afforded to citizens of this Commonwealth under Article 1, Section 1 of the Pennsylvania Constitution. Moreover, in *Goppelt* the court did undertake the balancing test the Majority foregoes in this instance. And whether the court would reach the same result now is not a certainty.

The Majority's conclusion that "the Property list does not qualify as sufficiently personal in nature *to trigger* a balancing test" cannot be reconciled with our Supreme Court's holding in *PSEA III*. Additionally, the Majority's reasoning departs from our analysis in *Department of Human Services v. Pennsylvanians for Union Reform, Inc.*, *SERS v. Campbell*, and *Times Publishing Company, Inc. v. Michel*, 633 A.2d 1233, 1237-39 (Pa. Cmwlth. 1993) (recognizing a right to privacy under the Pennsylvania Constitution and cited with approval in *PSEA III)*. The request in this case indisputably seeks home addresses, and, consequently, requires the balancing of individuals' rights to informational privacy against the public interest favoring disclosure. *PSEA III*.

Accordingly, consistent with our decisions in *Department of Human Services v. Pennsylvanians for Union Reform, Inc.* and *SERS v. Campbell*, I would remand this matter to the OOR for further consideration consistent with the Supreme Court's analysis and holding in *PSEA III*.

 

MICHAEL H. WOJCIK, Judge